JOURNAL ENTRY AND OPINION
Defendant-appellant-petitioner Michael Woods (Woods, d.o.b. September 28, 1962) appeals from the denial of his petition for post-conviction relief without benefit of an evidentiary hearing. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Woods, despite presenting his theory at trial that he was acting in self-defense in the assault of the victim (Mr. Cowart), was convicted on February 2, 2000 of one count of felonious assault in violation of R.C. 2903.11. He was subsequently sentenced to a term of six (6) years incarceration on February 9, 2000. On March 7, 2000, Woods filed his notice of appeal from his conviction.[1]
While the direct appeal from his conviction was pending, Woods filed a petition for post-conviction relief on October 6, 2000, pursuant to R.C.2953.21, alleging ineffective assistance of trial counsel in failing to call two people (Everett Wesley and Doris Whittsette, who were neighbors of Woods) as witnesses who would have allegedly provided testimony indicating that Woods was acting in self-defense in his felonious assault offense.[2] Attached to this petition were the affidavits of the following persons: (1) Michael Woods, the petitioner; (2) Everett Wesley, the next door neighbor of Woods; and, (3) Doris Whittsette, who lived across the street from Woods. Affiant Woods averred that, prior to the trial, he informed his trial counsel of the following and that counsel did nothing about it:
 4. * * * there were two witnesses named Everett Wesley and Doris Whittsette who were present at the time of this alleged incident. I told [defense counsel] that these two witnesses would have information that would be helpful to my case, because they saw the entire incident.
See Woods' affidavit at paragraph 4.
Affiant Wesley averred the following in pertinent part:
 4. On that day I was in my backyard doing yard work. I heard a commotion and the voices of two men coming (sic) The property adjacent to mine at 11002 Ashbury Avenue.
 5. I went to the front of my house to assess the problem. I saw Michael Woods, my neighbor's son, and another man in a physical altercation. The man that I did not know was holding a knife and had it pointed at Mr. Woods.
 6. I heard Mr. Woods ask the other man if he was going to stab him. I heard the man answer affirmatively. At that time the man swung the knife at Mr. Woods, missing him.
 7. Mr. Woods picked up a stick or a baseball bat and swung, striking the other man in the upper torso. The man dropped the knife and the stick or bat also fell to the ground.
 8. The man who I did not know picked up the stick or bat and the knife and again swung at Mr. Woods. Mr. Woods backed away from the man, however the man continued to aggressively pursue Mr. Woods.
 9. Mr. Woods picked up a rock and threw it at the man. I did not see the rock hit the man.
 10. Mr. Woods left the area and the other man went across the street.
 11. I was interviewed by police responding to a 911 call.
See Wesley affidavit at paragraphs 4-11.
Affiant Whittsette averred the following in pertinent part:
 4. On or about November 1, 1999 I returned home from work and witnessed Michael Woods and Terry Cowart arguing about some boots.
 5. I heard Michael Woods demanding money for boots that Terry Cowart was wearing.
 6. Terry Cowart did not give Michael Woods Ten Dollars because he did not have the money. Michael Woods was upset.
 7. I asked Michael Woods to come over to my property to discourage him from getting upset.
8. I went into my home to lie down.
 9. While inside my home I heard a commotion from Michael Woods and Terry Cowart. I heard Terry Cowart ask why he was hit with a stick.
 10. I returned to my front porch to see what the problem was.
 11. I saw Terry Cowart holding a knife and pointing it at Michael Woods.
 12. I saw Michael Woods pick up a rock and throw it at Terry Cowart. Terry Cowart fell down.
See Whittsette affidavit at paragraphs 4-12.
On November 3, 2000, the State filed a motion to dismiss the petition.
While the petition was pending before the trial court, Woods' conviction was affirmed in part and reversed and remanded in part for re-sentencing for the purpose of notifying Woods of post-release controls pursuant to R.C. 2929.19(B)(3). See State v. Woods (Mar. 15, 2001), Cuyahoga App. No. 77713, unreported.
On April 24, 2001, the trial court filed its findings of fact and conclusions of law, denying Woods' petition without benefit of an evidentiary hearing. The trial court concluded that Woods failed to provide proof of his trial counsel being ineffective. In particular, the court stated:
 6. The affidavits of these potential witnesses which were attached to the instant petition do not provide evidence which would exculpate Petitioner. Affiant Wesley indicates only that he witnessed part of the altercation between Petitioner and the victim. Furthermore, Affiant Wesley did affirm that Petitioner did swing a bat or stick and throw a rock at the victim. Affiant Whittsette stated in her affidavit that she also did not witness all of the altercation between Petitioner and the victim. Affiant Whittsette also indicated that she also saw Petitioner throw a rock at the victim, after which the victim fell down. Based on the foregoing, Petitioner has failed to demonstrate how trial counsel's failure to call potential witnesses Wesley and Whittsette prejudiced his defense.
 7. Additionally, the evidence of Petitioner's guilt in this case is overwhelming. The victim testified that Petitioner came onto his porch with a bat and began swinging it at him without provocation. Medical reports and testimony of the responding police officer reveal that the victim sustained severe injuries to his ear, knee, and face, while Petitioner appeared virtually unharmed.
 8. Finally, while Petitioner testified that he acted in self-defense, the evidence demonstrates that the victim sustained his most severe injury, that being to his ear, while the victim was trying to walk away from Petitioner. Furthermore, Petitioner did not attempt to call the police on his alleged attacker, but merely walked down the street away from the victim. The facts of the instant matter are clearly inconsistent with Petitioner's theory of self-defense.
 9. Based on the foregoing, Petitioner has failed to demonstrate how these alleged deficiencies prejudiced his defense. Therefore, this Court specifically concludes, after a review of the petition and accompanying affidavits submitted by Petitioner, that Petitioner has failed to demonstrate any entitlement to relief. As such, the State's Motion to Dismiss is well taken and the instant petition is dismissed without a hearing.
IT IS SO ORDERED.
* * *
Findings of Fact and Conclusions of Law, at paragraphs 6-9.
Woods' appeal from this denial of his petition presents two assignments of error for review, which assignments will be discussed jointly. The appeal is being decided on the briefs of the parties and the record provided as oral appellate argument has been waived.
The assignments of error provide:
 I THE TRIAL COURT ERRED WHEN IT DENIED MR. WOODS' POST-CONVICTION PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING THEREBY VIOLATING MR. WOODS' RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.
 II THE TRIAL COURT ERRED IN FINDING THAT MR. WOODS HAD THE EFFECTIVE ASSISTANCE OF COUNSEL.
A trial court may dismiss a petition for post-conviction relief without first holding an evidentiary hearing. State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450. The trial court may do so where it determines that the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279, at paragraph two of the syllabus.
In presenting a claim based on ineffective assistance of counsel, petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that petitioner was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107; see also State v. Nelson (Sept. 21, 2000), Cuyahoga App. No. 77094, unreported, 2000 Ohio App. LEXIS 4279, at 7-8. If the petitioner fails to meet this two-part burden, the trial court may dismiss the petition without a hearing. Id. With regard to a claim alleging ineffective assistance of counsel, it must be remembered that trial counsel is strongly presumed to have rendered adequate assistance. State v. Smith (1985), 17 Ohio St.3d 98.
The central issue in these assignments is (1) whether trial counsel's performance was deficient in not identifying and interviewing the two witnesses and (2) whether the failure to investigate these witnesses and call them at trial in support of Woods' theory of self-defense prejudiced the defense. To warrant an evidentiary hearing on the issue, the evidence which Woods must present from outside the original record includes evidentiary documents with sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. Prejudice is demonstrated in this case if there is a reasonable probability that the outcome of the trial would have been different but for the testimony of these two witnesses. See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. As for affidavits used in support of the petition, a trial court may exercise its discretion when assessing the credibility of the affidavits, and may discount self-serving affidavits from the petitioner or his family members * * * or affidavits which rely on hearsay as not being credible. Nelson, 2000 Ohio App. LEXIS 4279, at 8-9, citing State v. Calhoun, supra, paragraph one of the syllabus, and State v. Moore (1994),99 Ohio App.3d 748, 651 N.E.2d 1319.
First, it is noted that Woods averred that his trial counsel was made aware of the existence of these two witnesses prior to the trial. Significantly, there is no indication how far in advance of the trial Woods made this information available to the trial counsel so that counsel would have time to investigate this information. There is no affidavit by trial counsel corroborating this advisement by Woods. Similarly, the record does not contain the police report for the incident, which would reveal therein the identity and statements of witness-Wesley. The trial court was within its discretion to assess the credibility of the self-serving Woods affidavit and, based on the lack of more specific information by Woods as to the timing of his advisement to counsel, or a corroborating affidavit by trial counsel, discount the assertion by Woods that counsel was made aware of the two witnesses in a timely manner, if at all. Nelson, supra. Without this police report record, and/or the affidavit of trial counsel stating what information and witnesses he was aware of prior to trial, it cannot be determined that trial counsel was aware of, or should have been aware of, the identity of witness-Wesley or witness-Whittsette. Absent this information, it cannot be reasonably determined that trial counsel acted deficiently in not investigating these two witnesses. Lacking proper evidentiary support for his petition on the issue of trial counsel's alleged deficiency of not investigating the two witnesses, the petitioner did not set forth sufficient operative facts to establish substantive grounds for relief and the trial court did not abuse its discretion in dismissing the petition without an evidentiary hearing.
In the alternative, even if trial counsel had timely knowledge of the two witnesses prior to the trial, the petitioner still failed to present operative facts sufficient to warrant relief because the alleged testimony of the two witnesses would not have reasonably led to an acquittal. As noted by the trial court, neither witness observed the entire incident between Woods and the victim. Further, the affiants observed Woods with a bat or stick swinging at the victim, and saw Woods throw a rock at the victim. According to the evidence at the trial, it was this rock that struck the victim's head, causing damage to the victim's ear, as the victim was walking away from Woods. The fact that the rock struck the victim as the victim was leaving the scene of the altercation runs counter to Woods' theory of self-defense. Thus, counsel's failure to investigate these witnesses and have these witnesses testify at trial was non-prejudicial to Woods' defense, obviating a finding of ineffective assistance of trial counsel.
The first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Woods had different counsel at trial and on direct appeal.
[2] Woods had a third set of counsel, the Ohio Public Defender's office, representing him on the petition for post-conviction relief.